Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9810 | **DATE** | 4/26/2002 |
| **CASE TITLE** | Dey vs. L. Marshall Roofing & Sheet Metal, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendants' motion to dismiss [#8] without prejudice to replead (if she can do so in compliance with Rule 11) allegations concerning a covered "employer" and that she gave defendant(s) notice of her need for FLMA leave. Plaintiff is given until May 20, 2002 to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 29 2002 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 4/26/2002 date mailed notice | |
| MD | courtroom deputy's initials | 02 APR 26 PM 3:55 | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANNE DEY,

    Plaintiff,

v.   No. 01 C 9810

L. MARSHALL ROOFING AND SHEET
METAL, INC., and BAM, INC.,

    Defendants.

DOCKETED
APR 29 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anne Dey, filed a complaint against defendants L. Marshall Roofing and Sheet Metal, Inc. ("L. Marshall Roofing") and BAM, Inc. ("BAM"), alleging violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This court has jurisdiction pursuant to 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1331. For the reasons set forth below, the court grants the motion without prejudice.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all

reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

**FACTS**

The court accepts as true the following facts alleged in plaintiff's complaint. Larry Marshall ("Marshall") is the principal and owner of L. Marshall Roofing and BAM. In January, 1998, plaintiff was hired to work for L. Marshall Roofing and BAM as their controller. Marshall was plaintiff's supervisor. Prior to March 8, 2000, plaintiff advised Marshall that she was being treated by a health care provider. Beginning March 8, 2000, plaintiff was absent from work for more than three consecutive days. During her absence, L. Marshall Roofing and BAM terminated her employment. Marshall, who discharged plaintiff, did not request or require plaintiff to provide or furnish certification of a health care provider that she suffered from a serious health condition, but instead based the discharge on his own lay opinion that plaintiff "did not appear sick, but, rather, appeared perfectly healthy." After plaintiff recovered from her serious illness sufficiently to return to work, L. Marshall Roofing and BAM failed and refused to restore plaintiff to her previous position.

Plaintiff asserts that she is an "eligible employee" for purposes of the FMLA because she worked for L. Marshall Roofing and BAM for at least 12 months and for at least 1,250 hours during the previous 12 month period and requested leave from her employer. Plaintiff asserts that L. Marshall Roofing and BAM are an "employer" for purposes of the FMLA because together they employed 50 or more persons for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, including all persons who acted, directly or indirectly, in the interests of L. Marshall Roofing and BAM to any of their employees. Further, plaintiff asserts that her absence qualified as leave pursuant to the FMLA,

2

that L. Marshall Roofing and BAM failed to notify her that her leave of absence qualified as, and had been designated as, FMLA leave, and failed to post notice at the time of her employment (namely, in a conspicuous location at the work place explaining the provisions of the FMLA). She requests a declaration that defendants violated the FMLA, back pay, benefits, front pay, liquidated damages and attorneys' fees.

## DISCUSSION

It has been said that in order to state a claim under the FMLA, plaintiff must allege that (1) she is an eligible employee under FMLA, 29 U.S.C. § 2611(2), (2) defendant is an employer under FMLA, 29 U.S.C. § 2611(4), (3) plaintiff was entitled to leave under FMLA, 29 U.S.C. § 2612(a)(1), and (4) defendant engaged in some prohibited act under FMLA, 29 U.S.C. § 2615. *E.g., Edwards* v. *State of Illinois*, No. 98 C 4334, 1999 WL 59848, *3 (N.D. Ill. Feb. 3, 1999) (Conlon, J.); *Dormeyer* v. *Comerica Bank-Illinois*, No. 96 C 4805, 1997 WL 403697, *2 (N.D. Ill. July 15, 1997) (Coar, J.). Conclusional allegations of these elements are insufficient. *See Dormeyer*, 1997 WL 403697, at *2. Defendants claim that the complaint fails to allege facts supporting the final three elements.

Employer – 29 U.S.C. § 2611(4)(A)

Defendants' first argument is that plaintiff has failed to allege the "employer" element. The FMLA defines "employer" as

> (i) . . . any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes –

3

> (I) any person who acts, directly or indirectly, in the
> interest of an employer to any of the employees of
> such employer . . . .

29 U.S.C. § 2611(4)(A). As set forth, *supra*, the complaint alleges that "[d]efendants are an 'employer,' as that term is defined at 2[9] U.S.C. §2611(4)(A), as defendants together employed 50 or more persons for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, including all persons who acted, directly or indirectly, in the interest of defendants to any of the employees of defendants." (Compl. ¶ 7.)

Defendants assert that this allegation is insufficient because it does not allege that either L. Marshall Roofing or BAM employed the necessary fifty employees and it impermissibly combines the employees of each defendant in order to reach the requisite number. Plaintiff responds that she has alleged she worked for an employer of fifty or more employees in that she

> has alleged she worked for *both* defendants (Complaint, ¶ 6), that she worked
> directly for Mr. Larry Marshall, and that Mr. Marshall is the principal and owner
> of both defendants (Complaint, 9). Obviously, then, Mr. Marshall is a person
> who 'acts, directly or indirectly in the interest of an employer to any of the
> employees of such employer.' and is therefore, by definition, an employer
> himself, *see*, 29 U.S.C. § 2611(4)(ii)(I), and is 'an individual (who) can be found
> liable under the FMLA[.]'

(Resp. at 2.)

The court concludes that to the extent that plaintiff alleges she worked for both defendants, the complaint fails to allege the requisite "50 or more employees" because it contains no allegations that would suggest that it is appropriate, in this case, to combine defendants' employees[1] and there are no allegations suggesting that either separately meets the

---

[1] The Department of Labor regulations construing the FMLA provide two instances in which some or all of employees of two or more defendants may be combined. *See* 29 C.F.R. § 825.106 (setting forth requisites of "joint employment" test); 29 C.F.R. § 825.104(c)(2) (setting forth requisites of "integrated employer" test). Defendants assert that the "integrated employer" test does not apply in the FMLA context, citing *Diangi v. Valex*, 56 F. Supp. 2d 1023, 1024 (N.D. Ill. 1999) (in ruling on matter of discovery in FMLA claim, the court held that the concept of

requisite number. To the extent plaintiff alleges she worked for Marshall, she fails to state a claim since Marshall is not a defendant in the case.[2] Thus, plaintiff has failed to allege that defendants are employers.

Entitled to leave under the FMLA – 29 U.S.C. § 2612(a)(1)

Defendants next contend that plaintiff has failed to adequately allege that she was entitled to leave under the FMLA. The purpose of the FMLA is to "balance the burden of caretaking among family members and also to balance the demands of the workplace with the demands of the family." *Price v. City of Fort Wayne*, 117 F.3d 1022, 1023 (7th Cir. 1997) (citing 29 U.S.C. § 2601). "Divisions of labor along gender lines were recognized as a powerful force in the American family affecting, in particular, the working lives of women." *Id.* Congress, in seeking "to mandate a flexible leave allotment for medical and family reasons for all men and women" did not intend to "supplant employer-established sick leave and personal leave policies, but to provide leave for more uncommon and, presumably, time-consuming events such as having or adopting a child or suffering from what is termed a 'serious health condition'" with the

---

"integrated enterprise" did not apply, citing *Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999)). *But see Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442-443 (4th Cir. 1999) (construing FMLA regulation and noting, without deciding, that *Chevron* may require deference to the regulation). Plaintiff does not appear to contest, in her response brief, defendants' contention that the integrated employer test does not apply. In any event, whether it does or whether the test set forth by the Seventh Circuit in *Papa* (*Papa* dealt with the definition of "employer" under Title VII, ADA, and ADEA) applies, plaintiff's complaint fails to allege sufficient facts to support an inference that both defendants' employees should be counted to reach the requisite "50 or more employees."

[2]Even assuming Marshall was properly named as a defendant in this case, it is not clear whether plaintiff is attempting to allege that Marshall is the employer himself, *e.g, Freemon v. Foley*, 911 F. Supp. 326, 330 n.7 (N.D. Ill. 1995) (noting that liability of a sole proprietor who employs at least 50 people falls under 29 U.S.C.§ 2611(4)(A)(i)), or, as it more so appears from her response brief, whether she is attempting to hold Marshall personally liable because he "acts, directly or indirectly in the interest of an employer to any of the employees of such employer" (29 U.S.C.§ 2611(4)(A)(ii)). If the latter, the complaint fails because Marshall would have to act on behalf of an employer who itself met the 50 or more employees requirement. *See Hukill*, 192 F.3d at 444. If the former, plaintiff would have to provide some argument or authority supporting the proposition that Marshall's separate business are to be counted together.

5

assurance that in such a situation, the employee's job, or equivalent, would be "waiting upon his or her return." *Id.* Specifically, the FMLA provides that

> an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
>
> > (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
> >
> > (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
> >
> > (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
> >
> > (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a)(1). Plaintiff is relying on subsection (D). To be eligible for leave under subsection (D), "the employee must both (1) have a 'serious health condition' as that term is defined by the FMLA, and (2) that condition must prevent the employee from performing his job." *Stoops v. One Call Communications, Inc.*, 141 F.3d 309, 312 (7th Cir. 1997).

Defendants assert that plaintiff's allegation, namely, that she was "being treated by a health care provider" (Compl. ¶ 9), fails to allege either a serious health condition or that such condition rendered her unable to perform the functions of her position. Plaintiff responds that "the Complaint alleges Ms. Dey was absent from work for more than three consecutive days, Complaint, ¶ 10, that her absence qualified as leave pursuant to the FMLA, ¶ 11, and that she recovered from her 'serious illness', ¶ 15." (Resp. at 2.) In other words, plaintiff argues "if [she] has alleged she was sick, and that her sickness qualified as FMLA leave, then the Complaint alleged, implicitly, that her health condition which necessitated her leave was serious enough to constitute FMLA leave." (*Id.* at 3.)

6

That FMLA defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The regulations further state that

> A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
>
>> (i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>>
>>> (A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>>>
>>> (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider. . . .

29 C.F.R. § 825.114(a)(2) (emphases added). While the court need not accept plaintiff's legal conclusion that her leave qualifies as FMLA leave (Compl. ¶ 11), it does conclude that plaintiff has alleged at least the bare outlines of a serious health condition which rendered her unable to perform her job. In addition to alleging that she was being treated by a health care provider (*id.* ¶ 9) and that she was absent from work for more than three consecutive days (*id.* ¶ 10), she alleges that she recovered from her serious illness "sufficiently to return to work," (*id.* ¶ 15), from which it can be inferred that her serious illness was such that it rendered her unable to

7

work. Thus, the court will not dismiss on this basis. Nevertheless, if plaintiff repleads, she is directed to plead her serious health condition and its affect on her job, directly.

Prohibited Act under the FMLA – 29 U.S.C. § 2615

Finally, defendant makes a two-fold argument asserting plaintiff has failed to allege that defendant engaged in conduct in violation of the FMLA. Defendants argue that as a threshold matter, plaintiff has not alleged defendants violated the FMLA because she did not allege facts indicating she gave defendant notice that FMLA leave was needed. Under the FMLA, an employee must provide the employer with at least 30 days' notice for planned medical treatment and where treatment must begin in less than 30 days, or where leave is unforeseeable, the employee must notify her employer as soon as practicable. 29 U.S.C. § 2612(e)(1). "As soon as practicable" usually means verbal notice within no more than one or two working days of learning of the need for leave. *See* 29 C.F.R. §§ 825.302(b) and 303(a).

As for the content of the notice, the employee need not mention a desire to invoke the FMLA: "[i]n fact, the employee can be completely ignorant of the benefits conferred by the Act; it is sufficient notice if the employee provides the employer with enough information to put the employer on notice that FMLA-qualifying leave is needed." *Stoops*, 141 F.3d at 312 (citing *Price*, 117 F.3d at 1025-26); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995); *see also* 29 C.F.R. § 825.302(c) (The employee must provide sufficient notice "to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave."). In determining whether an employee has provided adequate notice, "the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Manuel*, 66 F.3d at 764.

8

Defendants argue that the complaint merely alleges that plaintiff advised defendants prior to her leave that "she was being treated by a health care provider" (Compl. ¶ 9), and cites cases wherein courts have dismissed complaints for failure to allege adequate notice. *See Miller* v. *Venator Group, Inc.*, No. 00 C 0454, 2000 WL 648186, *3 (S.D.N.Y. May 18, 2000) (Baer, J.) (granting motion to dismiss where employee merely alleged she communicated that she had "eye problems"); *Carter* v. *Rental Uniform Serv. of Culpeper, Inc.*, 977 F. Supp. 753, 761 (W.D. Va. 1997) (employee's note from doctor insufficient notice of FMLA leave as it recommended only two days off of work). Plaintiff does not respond to defendants' argument or cases except to say that "[f]actual issues relating to the type and extent of notice plaintiff gave defendants about her leave should be resolved after discovery has taken place." (Resp. at 3.)

The court concludes that plaintiff fails to allege facts from which it can be inferred that the notice she gave regarding her leave reasonably apprised defendants that it qualified as FMLA leave. Although the court, *supra*, found that plaintiff's allegations (reading them most liberally in her favor) alleged a serious health condition preventing her from performing her job, there is nothing in the complaint regarding communication of such serious health condition to defendants other than that she was being treated by a health care provider. The complaint does not state that plaintiff informed her supervisor of her serious illness prior to taking leave or the extent of the leave. *See Miller*, 2000 WL 648186, *3 ("While an employer's duty to inquire may be predicated on statements made by the employee, the employer is not required to be clairvoyant.") (quotation omitted);[3] *compare Kamtaprassad* v. *The Chase Manhattan Corp.*, No.

---

[3] And although plaintiff has alleged in her complaint that as an employer, defendants were required to post, in a conspicuous location at plaintiff's work place, a notice explaining the provisions of the Family and Medical Leave Act and failed to do so, (Compl. ¶¶ 16-17), she makes no argument as to how this would affect her notice obligation, if at all, particularly in light of the fact that her notice obligation to the employer is not dependent upon a requirement that she reference the FMLA.

9

00 C 8834, 2001 WL 1662071, *6 (S.D.N.Y. Dec. 28, 2001) (Cote, J.) (Allegations sufficiently met notice requirement where plaintiff attached letters written by her doctor to plaintiff's employer, *inter alia*, identifying her as disabled from depression and gave predicted date of return.). Thus, the court concludes plaintiff has failed to adequately allege she gave defendants notice of her need for FMLA leave.[4]

Defendants also argue that even if plaintiff had adequately alleged notice, she failed to allege that she was discharged because she took FMLA leave, noting that plaintiff merely alleged that defendants terminated her employment "[d]uring her FMLA leave" (Compl. ¶ 13). Defendants argue such allegation is insufficient, citing *Phelan v. City of Chicago*, 125 F. Supp. 2d 870, 875-876 (N.D. Ill. 2000) (granting motion to dismiss FMLA claim where plaintiff merely alleged he was discharged "while on FMLA leave" because plaintiff failed to allege his discharge was motivated by his request for leave). Plaintiff responds that the prohibited conduct alleged in her complaint is defendants' failure and refusal to return plaintiff to her previous position after she recovered from her serious illness sufficiently to return to work (Compl. ¶ 16). She argues that this is sufficient to state a claim because one of the rights provided by the FMLA is the right to a leave of absence because of a serious health condition, *see* 29 U.S.C. § 2612(a)(1), which is protected by the FMLA's prohibition of interfering with, restraining, or denying the exercise of or the attempt to exercise, any right provided under this subchapter. *See* 29 U.S.C. § 2615(a)(1).

---

[4]Moreover, the court does not consider discovery necessary as plaintiff would be the person most knowledgeable of her communications to defendants. If she can allege adequate notice, she can do so in an amended complaint.

10

The FMLA prohibits:

(a) Interference with rights

(1) Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

(b) Interference with proceedings or inquiries

It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual–

(1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;

(2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or

(3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

29 U.S.C. § 2615. The Seventh Circuit recognizes two categories of broad protections for employees. The first consists of "prescriptive" protections that are expressed as substantive statutory rights, such as § 2612(a)(1), and are guaranteed by the FMLA's declaration under 29 U.S.C. § 2615(a)(1), making it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *See King v. Preferred Tech. Group*, 166 F.3d 887, 891 (7th Cir. 1999). "When an employee alleges a deprivation of these substantive guarantees, the employee must demonstrate by a preponderance

of the evidence only entitlement to the disputed leave. In such cases, the intent of the employer is immaterial." *Id.* (citation omitted). The second category consists of "proscriptive" protections and encompasses the prohibition against discrimination based on an employee's exercise of rights under the FMLA. In the case of proscriptive protections, intent is relevant and "[t]he issue becomes whether the employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *Id.* (citation omitted). In such cases, the court applies the familiar burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792 (1973). *See id.* at 891-92.

Because plaintiff has made clear that she is operating under the substantive provisions and therefore only prescriptive protections are involved, she need not allege defendants' motivation. Thus, the court does not dismiss plaintiff's complaint on this ground.

## CONCLUSION

The court grants defendants' motion to dismiss [#8] without prejudice to replead (if she can do so in compliance with Rule 11) allegations concerning a covered "employer" and that she gave defendant(s) notice of her need for FLMA leave. Plaintiff is given until May 20, 2002 to file an amended complaint.

Date: April 26, 2002                    ENTER: _____
                                        JOAN HUMPHREY LEFKOW
                                        United States District Judge

12